# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 30, 2022

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| PATRICIA A. SPAYDE, | * |
| | *   No. 16-1499V |
| Petitioner, | * |
| v. | *   Special Master Dorsey |
| | * |
| SECRETARY OF HEALTH | *   Interim Attorney's Costs. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | * |

Dan R. Mastromarco, The Mastromarco Firm, PLLP, Annapolis, MD, for Petitioner.
Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEY'S COSTS[1]

On November 14, 2016, Patricia A. Spayde ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a trivalent influenza ("flu") vaccination administered on November 13, 2013, she suffered from Guillain-Barré Syndrome ("GBS"). Petition at Preamble (ECF No. 1).

On July 15, 2022, Petitioner filed a motion for interim attorney's costs, requesting payment of expert fees. Petitioner's Motion for Interim Payment of Petitioner's Expert's Fees ("Pet. Mot."), filed Jul. 15, 2022 (ECF No. 182). Petitioner requests a total $18,650.00 in attorney's costs solely for expert fees. Id. at 5. Petitioner requests $4,850.00 payable to

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner's counsel for reimbursement of advanced expert fees already paid by counsel, and $13,800.00 payable to Petitioner's expert, Dr. Damanhuri Alkaitis, for the remaining balance of the unpaid expert fees. Id.

Respondent filed his response on July 29, 2022, stating he "respectfully requests that the Court exercise its discretion and determine a reasonable award of attorney's fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed July 29, 2022, at 3 (ECF No. 185). Specifically, "[R]espondent defer[red] to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award" and "whether the statutory requirements for an award of attorney's fees and costs are met in this case." Id. at 2.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards $18,650.00 in attorney's costs.

## I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's costs is appropriate here where there are significant expert fees to be paid.

### A.  Reasonableness of the Requested Award

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed.

Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

While attorney's fees were not requested here, attorney's costs, including expert fees, must be reasonable as well.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  Reasonable expert fees are also calculated using the lodestar method.  Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).  That is, the number of hours reasonably expended by the expert on the litigation multiplied by a reasonable hourly rate.  Id.

### B.    Reasonable Hourly Rate for Expert Fees

For the services of Petitioner's medical expert, Dr. Damanhuri Alkaitis, Petitioner requests $18,650.00.  Pet. Mot. at 5.  This total was calculated based on 35.45 hours of work at an average rate of $389.28[3] per hour primarily completed between November 2016 and October 2020.

The Petitioner must demonstrate the costs incurred were reasonable and must provide "reasonably specific documentation" to substantiate the costs.  O'Neill v. Sec'y of Health & Hum. Servs., No. 08-243V, 2015 WL 2399211, at *15 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (quoting Ceballos ex rel. Ceballos v. Sec'y of Health & Hum. Servs., No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)).  The special master's determination regarding the reasonableness of an expert's hourly rate includes considering the area of expertise; education and training; prevailing rates of other comparable experts; and "the nature, quality, and complexity of the information provided."  Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005).

Dr. Alkaitis' qualifications as a seasoned neurologist support a rate of approximately $400.00 an hour.  See Pet. Mot. at 2; Pet. Exhibit ("Ex.") 6 at 6-8.  Additionally, this rate has been upheld as a reasonable rate in other cases before this court.  See Pet. Mot. at 2-3; Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *15 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Gordon v. Sec'y of Health & Hum. Servs., No. 17-743V, 2019 WL 3890163, at *3 (Fed. Cl. Spec. Mstr. July 25, 2019).  Therefore, the undersigned will award the rate requested.

---

[3] Invoices submitted by Petitioner show that Dr. Alkaitis' rate varies from $200.00 to $400.00 per hour based on the type of work performed.  See Pet. Exhibits ("Exs.") 59-1, 59-3, 59-5, 59-7; see summarized invoices infra Section C.

### C.  Reasonable Hours Expended by Expert

In addition to providing evidence to substantiate the expert's hourly rate, the Petitioner must also monitor expert fees to ensure they remain reasonable. See Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *10 (Fed. Cl. Spec. Mstr. July 3, 2018). The expert should only be compensated for the number of hours reasonably expended by the expert on the litigation. O'Neill, 2015 WL 2399211, at *16. The special master may use her experience and judgment to determine "the reasonableness of the number of hours expended by an expert under the circumstances in a particular case." Id.

Invoices provided by Petitioner show Dr. Alkaitis spent 19.45 hours on pre-hearing work and can be summarized as follows:

6.0 hours at $200.00 per hour
> Reviewing medical records and writing a report, November 5, 2016

11.2 hours at $300.00 per hour.
> 1.2 hours reviewing records, August 20, 2017
> 6.0 hours reviewing medical records and filings, October 24, 2020
> 4.0 hours reviewing submitted literature, October 25, 2020

2.25 hours at $400.00 per hour
> 0.25-hour phone call with attorney, August 20, 2017
> 2.0-hour conference with attorney, October 26, 2020

Pet. Exs. 59-1, 59-3, 59-5, 59-7.

Given that Dr. Alkaitis was Petitioner's only expert witness and issued three expert reports in this case, the undersigned finds the time spent by Dr. Alkaitis was reasonable and awards Petitioner $8,650.00 for the expert reports and opinions of Dr. Alkaitis.

Additional invoices provided by Petitioner show Dr. Alkaitis charged $5,000.00 per day for two "entire day[s] of court." Pet. Ex. 59-7. The entitlement hearing in this case was held on October 27 and 28, 2020. Order dated Oct. 28, 2020 (ECF No. 124). On the first day of the hearing, the transcript reflects the proceedings began at 9:00 am and concluded at 5:01 pm. Transcript of Proceedings dated Nov. 12, 2020, at 4, 219 (ECF No. 125). On the second day of the hearing, the transcript reflects the proceedings began at 9:00 am and concluded at 2:25 pm. Transcript of Proceedings dated Nov. 12, 2020, at 4, 143 (ECF No. 126). While Respondent requested that the Court exercise its discretion in determining a reasonable award of attorney's costs, Respondent noted that "$5,000/day for hearing testimony" may be "[e]xcessive, unsupported, or undocumented." Resp. Response at 2-3 n.1.

Inconsistencies between the billed amount and the length of the hearing raises issues for awarding compensation only for the number of hours reasonably expended. "It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the

amount requested is reasonable." Mostovoy, 2016 WL 720969, at *6 (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)). Specifically, experts should be "compensated for their actual time spent at a specific hourly rate." Gonzales v. Sec'y of Health & Hum. Servs., No. 91-905V, 1992 WL 92200, at *5 n. 5 (Cl. Ct. Spec. Mstr. Apr. 10, 1992). And absent justification, a flat rate fee for a day of hearing testimony is typically not awarded. See Bean-Sasser v. Sec'y of Health & Hum. Servs., No. 13-326V, 2017 WL 4385749, at *6 (Fed. Cl. Spec. Mstr. Sept. 8, 2017); Culligan v. Sec'y of Health & Hum. Servs., No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016); Jeffries v. Sec'y of Health & Hum. Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006).

Nothing in the record indicates a specific hourly rate for the days Dr. Alkaitis spent in court. However, $5,000 for an entire day of court would conform with Dr. Alkaitis' $400 hourly rate if broken down to an eight-hour day. This is consistent with day one of the hearing but inconsistent with day two of the hearing, which only lasted approximately five and one-half hours. To allow the undersigned to appropriately determine a reasonable award of attorney's costs, the undersigned ordered Petitioner to have Dr. Alkaitis explain the remaining hours of October 28, 2020, so that the invoice accurately reflects the work Dr. Alkaitis expended on this case. Order dated Aug. 19, 2022 (ECF No. 188).

In response, Petitioner filed a letter from Dr. Alkaitis providing justification for consolidating his invoice to "$5,000 for an entire day of court." Petitioner's Response to Court Order 188, filed Aug. 25, 2022 (ECF No. 196). Dr. Alkaitis explained in his letter that while day two of the hearing was only five and one-half hours, he spent about two additional hours prepping for his testimony each day that he did not include in his billing entries. Pet. Ex. 62. Thus, while the hearing only lasted five and one-half hours, he expended about eight hours that day including preparation. Id. The undersigned also notes that Dr. Alkaitis likely spent more than eight hours on day one of the hearing given this information. Dr. Alkaitis also stated in his letter the breadth of the medical issues in dispute of this matter and the need to prepare for direct and cross examination on these issues for both days. Id.

Given the sufficient explanation of the invoice from the hearing testimony, the undersigned finds the time spent by Dr. Alkaitis was reasonable and awards Petitioner $10,000.00 for Dr. Alkaitis' preparation and testimony at the hearing on October 27 and 28, 2020.

## II.  CONCLUSION

Based on all the above, the undersigned finds that it is reasonable to compensate Petitioner as follows:

| | |
|---|---|
| Requested Attorney's Costs: | $ 18,650.00 |
| Reduction of Attorney's Costs: | - ($ 0.00) |
| Awarded Attorney's Costs: | $ 18,650.00 |
| **Total Interim Attorney's Costs:** | **$18,650.00** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $18,650.00 representing reimbursement for reasonable interim attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Dan Mastromarco.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.