# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 7, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| PATRICIA A. SPAYDE, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1499V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Awarding Damages; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Guillain-Barré Syndrome |
| | * | ("GBS"); Pain and Suffering; Life Care |
| Respondent. | * | Plan. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Dan R. Mastromarco, Mastromarco Firm, PLLP, Annapolis, MD, for Petitioner.
Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 14, 2016, Patricia A. Spayde ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges that as a result of an influenza ("flu") vaccine administered on November 13, 2013, she suffered from Guillain-Barré Syndrome ("GBS"). Petition at Preamble (ECF No. 1). On January 27, 2021, the undersigned

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation. Ruling on Entitlement dated Jan. 27, 2021 (ECF No. 139).

Because the parties were unable to resolve damages, they requested that the Court enter a schedule for damages briefs, and on September 21, 2023, the undersigned issued a Ruling on Damages. Ruling on Damages dated Sept. 21, 2023 (ECF No. 243). That Ruling awarded Petitioner $165,000.00 for actual pain and suffering and costs for certain disputed items in the life care plan. See id.

On October 23, 2023, Respondent filed a joint status report in response to the undersigned's Ruling on Damages. Joint Status Report ("Rept."), filed Oct. 23, 2023 (ECF No. 245). In the joint status report, Respondent stated "[t]he parties confirm that all items of damages have now been resolved" and "[n]o damages issues remain outstanding." Id. at 1. Respondent also filed an updated Life Care Plan taking into consideration the undersigned's findings in her Ruling on Damages. Respondent's Exhibit ("Resp. Ex.") J.

Thereafter, Respondent filed a subsequent joint status report on November 2, 2023, attached hereto as Appendix A. Joint Status Rept., filed Nov. 2, 2023 (ECF No. 247) ("Joint Status Rept."). Respondent submitted the Joint Status Report providing a statement of all damages, including those that the parties have agreed upon as well as those decided by the undersigned, in the manner that the parties agree upon. Id. at 1. In the joint status report, Respondent represented that Petitioner does not object to the representations made. Id. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Joint Status Report.

Pursuant to the terms stated in the attached Joint Status Report, the undersigned awards Petitioner:

(1) **A lump sum payment of $214,754.18, representing compensation for life care expenses (including home care, home maintenance, walk-in bathtub, grab bars, ultrasonic toothbrush, and home modifications awarded by the Special Master) expected to be incurred during the first year after judgment ($49,754.18), and pain and suffering ($165,000.00), in the form of a check payable to Petitioner, Patricia A. Spayde.**

(2) **An amount sufficient to purchase an annuity contract described in Section II.B. of the Joint Status Report.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PATRICIA A. SPAYDE, ) | |
| ) | |
| Petitioner, ) | No. 16-1499V |
| ) | Special Master Dorsey |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S JOINT STATUS REPORT REGARDING COMPENSATION TO BE AWARDED AND FORM OF AWARD

In the Special Master's October 23, 2023 Order, the Special Master ordered that "Respondent shall file a joint status report, detailing all items of compensation to be awarded, and the form of payment for each, by Monday, November 6, 2023." ECF No. 246.

Respondent submits this Joint Status Report providing the Special Master with a statement of all damages, including those that the parties have agreed upon as well as those decided by the Special Master, in the manner that the parties agree contains the information needed for the Special Master's damages decision.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(3), to seek review of the Special Master's January 27, 2021 Ruling on Entitlement (ECF No. 139) and September 21, 2023 Ruling on Damages (ECF No. 243), respondent submits the following joint status report regarding damages. Petitioner's counsel has reviewed this joint status report and does not object to the representations made herein.

I. **Items of Compensation**

    A. <u>Life Care Items</u>

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, and CLCP, and petitioner engaged Carol Jones, RN, BSN, MSN, MBA, to provide an estimation of Patricia A. Spayde's future vaccine-injury-related needs. Life care plans were filed in this case. Agreed-upon life care items, as well as life care items delineated as awarded by the Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Patricia A. Spayde," attached to this Joint Status Report as Tab A.[1]

    B. <u>Pain and Suffering</u>

The parties agreed that based upon the evidence of record, Patricia A. Spayde is entitled to an award for pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). However, the parties did not agree on the amount of an award. On September 21, 2023, the Special Master awarded $165,000.00 for pain and suffering. Ruling dated September 21, 2023, at 20 (ECF No. 243).

II. **Form of the Award**

The parties request that the compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and

---

[1] The chart at Tab A illustrates the parties' agreed-upon annual amounts for life care items and, pursuant to the Special Master's September 21, 2023 Ruling on Damages, includes the Special Master's award of the following life care items: home care from the date of judgment through the remainder of petitioner's life; home maintenance from the date of judgment through the remainder of petitioner's life; walk-in bathtub in an initial lump sum; grab bars in an initial lump sum; ultrasonic toothbrush from the date of judgment through the remainder of petitioner's life; and home modifications in an initial lump sum. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

request that the Special Master's Decision on Damages and the Court's judgment award the following[2]:

    A.  A lump sum payment of $214,754.18, representing compensation for life care expenses (including home care, home maintenance, walk-in bathtub, grab bars, ultrasonic toothbrush, and home modifications awarded by the Special Master) expected to be incurred during the first year after judgment ($49,754.18), and pain and suffering ($165,000.00), in the form of a check payable to petitioner.

    B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Patricia A. Spayde, only so long as Patricia A. Spayde is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Patricia A. Spayde, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Patricia A. Spayde's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    **A.**    Lump Sum paid to petitioner, Patricia A. Spayde:    **$214,754.18**

    **B**.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED:  November 2, 2023

**Appendix A:  Items of Compensation for Patricia A. Spayde**         Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
|  |  |  |  | 2023 | 2024-Life |
| Home Care | 4% |  | M | 16,117.92 | 16,117.92 |
| Home Maintenance | 4% |  |  | 784.40 | 784.40 |
| Specialist Care Costs | 5% | * |  | 70.00 | 70.00 |
| Bed Step Stool | 4% |  |  | 50.88 |  |
| Walk-in Tub | 4% |  |  | 3,672.26 |  |
| Grab Bars | 4% |  |  | 200.00 |  |
| Raised Toilet Seat | 4% |  |  | 109.72 |  |
| Ultrasonic Toothbrush | 4% |  |  | 49.00 | 49.00 |
| Home Mods | 4% |  |  | 28,700.00 |  |
| Pain and Suffering |  |  |  | 165,000.00 |  |
| Annual Totals |  |  |  | 214,754.18 | 17,021.32 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($49,754.18) and pain and suffering ($165,000.00): $214,754.18.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.