# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 25, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| PATRICIA A. SPAYDE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1499V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Dan R. Mastromarco, The Mastromarco Firm, PLLP, Annapolis, MD, for Petitioner.
Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 14, 2016, Patricia A. Spayde ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a trivalent influenza ("flu") vaccination administered on November 13, 2013, she suffered from Guillain-Barré Syndrome ("GBS"). Petition at Preamble (ECF No. 1). On January 27, 2021, the undersigned issued a Ruling on Entitlement, finding Petitioner entitled to compensation. Ruling on Entitlement dated Jan. 27, 2021 (ECF No. 139). On November 7, 2023, a decision awarding damages issued. Decision Awarding Damages dated Nov. 7, 2023 (ECF No. 248).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On May 14, 2024, Petitioner filed an application for attorneys' fees and costs, followed by a corrected motion on June 4, 2024. Petitioner's Corrected Motion for Counsel's Fees, Expert Witness Fees and Costs ("Pet. Mot."), filed June 4, 2024 (ECF No. 256). On February 24, 2025, Petitioner filed outstanding cost documentation, which in turn, increased counsel's request for costs. In all, Petitioner requests compensation in the amount of $360,548.68, representing:

**The Mastromarco Firm, LLC (Victor Mastromarco):**
    **Fees:** $17,955.10
    **Costs:** $1,428.71

**Petitioner's Costs:** $1,040.25

**The Mastromarco Firm, PLLP (Dan Mastromarco):**
    **Fees:** $321,491.08
    **Costs:** $18,633.54

In his response, Respondent stated he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 28, 2024, at 2 (ECF No. 255). However, Respondent "urge[d] the Court to apply additional scrutiny" to Petitioner's fees and costs request due to a failure to exercise appropriate billing judgment. Id. at 4-5. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $284,935.85.

**I.    DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a damages decision, she is entitled to a final award of reasonable attorneys' fees and costs.

    **A.    Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

#### a. Victor Mastromarco at The Mastromarco Firm, LLC

Petitioner requests the following hourly rates for the work of Mr. Victor Mastromarco: $430.00 per hour for work performed in 2015 and 2016, $440.00 per hour for work performed in 2017, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021.

This appears to be Mr. Victor Mastromarco's first vaccine case. He was barred in 1982, placing him in the group of attorneys with 31+ years of experience in the OSM Attorneys' Forum Hourly Rate Fee Schedule.[3] His requested rates from 2015 to 2021 were the maximum amount awarded each year to attorneys with 31+ years of experience. Because this was his first case in the Vaccine Program, the undersigned finds his rates require adjustment to correspond with his overall experience as well as his lack of prior vaccine experience.

The undersigned finds the following rates appropriate, resulting in the following reductions:

---

[3] The fee schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

3

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2015 | $390.00 | $40.00 | 0.4 | $16.00 |
| 2016 | $395.00 | $35.00 | 11.2 | $392.00 |
| 2017 | $405.00 | $35.00 | 15.1 | $528.50 |
| 2018 | $420.00 | $35.00 | 0.2 | $7.00 |
| 2019 | $430.00 | $34.00 | 2.5 | $85.00 |
| 2020 | $450.00 | $34.00 | 1.2 | $40.80 |
| 2021 | $475.00 | $34.00 | 6.0 | $204.00 |
| | | | **Total Reduction** | **$1,273.30** |

### b. Dan Mastromarco at The Mastromarco Firm, PLLP

Petitioner also requests the following hourly rates for the work of Mr. Dan Mastromarco: $407.50 per hour for work performed in 2016, $417.00 per hour for work performed in 2017, $431.00 per hour for work performed in 2018, $439.50 per hour for work performed in 2019, $458.50 per hour for work performed in 2020, $482.00 per hour for work performed in 2021, $497.50 per hour for work performed in 2022, $524.00 per hour for work performed in 2023, and $553.50 per hour for work performed in 2024.

Like Mr. Victor Mastromarco, this appears to be Mr. Dan Mastromarco's first vaccine case. He was barred in 1983, placing him in the group of attorneys with 31+ years of experience in the OSM Attorneys' Forum Hourly Rate Fee Schedule. Because this was his first case in the Vaccine Program, the undersigned finds his rates also require adjustment to commensurate with his overall experience and lack of prior vaccine experience. The undersigned also notes that counsel had difficulty following the rules and guidelines pertaining to filing and difficulty timely complying with court orders, as described below.

The undersigned finds the following rates appropriate, resulting in the following reductions:

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2016 | $390.00 | $17.50 | 17.1 | $299.25 |
| 2017 | $400.00 | $17.00 | 38.2 | $649.40 |
| 2018 | $415.00 | $16.00 | 60.6 | $969.60 |
| 2019 | $425.00 | $14.50 | 59.8 | $867.10 |
| 2020 | $445.00 | $13.50 | 167.8 | $2,265.30 |
| 2021 | $470.00 | $12.00 | 43.0 | $516.00 |
| 2022 | $485.00 | $12.50 | 115.7 | $1,446.25 |
| 2023 | $515.00 | $9.00 | 150.0 | $1,350.00 |
| 2024 | $545.00 | $8.50 | 3.3 | $28.05 |
| | | | **Total Reduction** | **$8,390.95** |

The undersigned finds the paralegal rates requested to be reasonable, and in accordance with the Forum Hourly Rate Fee Schedule, and thus, will award the requested rates in full.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries from Mr. Victor Mastromarco and Mr. Dan Mastromarco and finds reductions necessary.

### a. Victor Mastromarco at The Mastromarco Firm, LLC[4]

First, there are various billing entries for preparing exhibits, which is a non-compensable administrative task. It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). Therefore, the undersigned finds it reasonable an appropriate to deduct the following billing entries:

| Date | Description | Amount |
|---|---|---|
| 8/31/2016 | Prepare and Organize Exhibits to Petition | $37.50 |
| 9/7/2016 | Prepare and Organize Exhibits to Petition | $50.00 |
| 10/20/2016 | Prepare Records for expert review | $150.00 |
| 5/18/2018 | Preparation of additional records for expert | $39.50 |
| 8/31/2018 | Preparation of St. Mary's Medical Center's Billing Records | $105.60 |
| 10/3/2018 | Preparation of [] records for Court – scanning bates stamping | $396.00 |
| 10/3/2018 | Prepare and Organize Medical Records to be refiled | $198.00 |
| | **Total Reduction** | **$976.60** |

Next, reductions must be made to billing entries relating to time spent learning about the Vaccine Program, which is not compensable. See, e.g., Matthews v. Sec'y of Health & Hum.

---

[4] Billing entries from counsel that were deducted were calculated based on counsel's newly awarded rate.

Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); Calise v. Sec'y of Health & Hum. Servs., No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reducing Petitioner's counsel's billing for "research into the elementary principles of vaccine litigation," noting "basic education [is] not compensable under the Program"); Carter v. Sec'y of Health & Hum. Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("[A]n inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

On January 24, 2017, Mr. Victor Mastromarco billed 0.3 hours for emails from Mr. Dan Mastromarco regarding "attorney fee and fee arrangement" and "attorney admission." On November 30, 2017, Mr. Victor Mastromarco billed 0.3 hours for an email to Mr. Dan Mastromarco "enclosing Vaccine Injury Table." And on February 24, 2021, Mr. Victor Mastromarco billed 3.2 hours for "Review of Vaccine Rules." None of this time is compensable, resulting in a further reduction of $1,744.00.[5]

Additionally, $145.20 was billed on October 11, 2018 for "Prepare Exhibit List for Court." However, an exhibit list was not filed at or around this time. And numerous versions of an exhibit list were not completed until October 2020, in preparation for the entitlement hearing, pursuant to the undersigned's request. Therefore, the undersigned will further deduct $145.20.

Lastly, "Travel to Dr. Forsyth's office to obtain signature on finalized memo" was billed on November 9, 2016 for $125.00. Time spent traveling when no other work was being performed is typically compensated at one-half the applicable hourly rate. See, e.g., Hocraffer v. Sec'y of Health & Hum. Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez, 2009 WL 2568468, at *21; English v. Sec'y of Health & Hum. Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). As counsel's paralegal billed this travel at his full rate, the undersigned finds a reduction of this billing entry by 50% reasonable and appropriate. This result in a further reduction of $62.50

Overall, Mr. Victor Mastromarco's fees are reduced by $2,928.30.[6]

### b.    Dan Mastromarco at the Mastromarco Firm, PLLP

Mr. Dan Mastromarco and/or his paralegal, like Mr. Victor Mastromarco, billed for noncompensable tasks including, but not limited to, filing documents;[7] scanning, preparing,

---

[5] ($400.00 x (0.3 hours+ 0.3 hours)) + ($470.00 x 3.2 hours) = $1,744.00.

[6] $976.60 + $1,744.00+ $145.20 + $62.50 = $2,928.30.

[7] See, for example, entries dated November 14, 2016, January 17, 2017, March 22, 2017, May 9, 2017, June 14, 2017, May 22, 2018, September 4, 2018, October 25, 2018, March 15, 2019, May 14, 2019, September 8, 2020, October 12, 2020, October 23, 2020, April 12, 2021, August 31, 2021, December 15, 2021, March 24, 2022, June 23, 2022, August 23, 2022, October 5, 2022, February 7, 2023, May 5, 2023, and February 8, 2024.

formatting, assembling, or arranging documents;[8] downloading documents;[9] receiving, paying, or mailing bills or documents;[10] and calendaring deadlines.[11]  On multiple occasions, he also billed for reviewing or researching the Vaccine Guidelines or Vaccine Rules, which is also not compensable.[12]

      Mr. Dan Mastromarco also has numerous billing discrepancies as well as billing entries that could not have occurred at or around the date alleged.  For example, on October 3, 2016, Mr. Mastromarco billed for an email exchange with Respondent's counsel "concerning expert schedule;" however, the petition was not filed until over one month later on November 14, 2016.  It does not make sense that counsel would have discussed the schedule for submitting expert reports prior to the filing of the petition.  Moreover, it is unlikely that counsel for Respondent would have been aware of the Petitioner, or even that counsel for Respondent would have been assigned prior to the filing of the Petition.  Additionally, on numerous occasions throughout 2016 and 2017, Mr. Mastromarco billed for a phone call or email exchange with the undersigned's law clerk, Maya Frucht, who did not begin working in

---

[8] See, for example, entries dated November 9, 2016, November 10, 2016, November 11, 2016, June 14, 2017, October 3, 2018, October 25, 2018, October 12, 2020, October 23, 2020, December 15, 2021, December 21, 2021, December 31, 2021, June 10, 2022, July 15, 2022, September 29, 2022, and May 31, 2023.

[9] See, for example, entries dated November 14, 2016, March 20, 2017, June 15, 2017, June 26, 2017, August 7, 2018, November 9, 2018, March 18, 2019, July 1, 2019, October 9, 2020, and February 23, 2021.

[10] See, for example, entries dated November 11, 2016 ("engaged in credit card transaction"), November 14, 2016 ("mailed package of material to Petitioner"), February 3, 2017 ("reviewed invoice" from expert), August 20, 2017 ("sent expert payment"), July 9, 2018 ("received invoice . . . and documented same"), May 28, 2019 ("sent payment" to expert), October 31, 2020 ("reviewed invoice" from expert), March 1, 2021 ("paid invoice"), November 16, 2021 ("received and paid [] invoice" and "sent federal express package"), December 15, 2021 ("sent additional letter via Federal Express"), December 21, 2021 ("paid invoice"), July 15, 2022 ("drafted and sent expert witness payment"), October 20, 2022 ("reviewed additional invoice from expert [] and issued [] check"), January 10, 2023 ("paid invoice"), and April 11, 2023 ("issued check").

[11] See, for example, entries dated January 17, 2017, March 20, 2017, October 12, 2017, March 18, 2019, November 19, 2019, October 15, 2020, December 7, 2020, February 17, 2021, June 30, 2021, September 1, 2021, December 16, 2021, February 22, 2022, April 22, 2022, June 14, 2022, September 30, 2022, December 21, 2022, February 7, 2023, April 20, 2023, and October 23, 2023.

[12] See, for example, entries dated September 7, 2016, October 11, 2016, March 20, 2017, June 12, 2017, June 14, 2017, December 31, 2017, February 21, 2019, March 15, 2019, May 17, 2019, August 31, 2020, September 9, 2020, November 25, 2020, February 16, 2021, February 17, 2021, November 23, 2023.

7

chambers until 2019.[13] This discrepancy calls into question the accuracy of counsel's billing entries and suggests that they may have been prepared after the fact. Lastly, there are multiple instances where Mr. Mastromarco billed the same amount of time on two separate tasks (e.g., 0.2 hours billed twice on August 31, 2020) and the amounts billed differed (e.g., $76.42 and $91.70).[14] This further calls into question the accuracy of counsel's billing records.

Further, in addition to billing for noncompensable tasks, Mr. Mastromarco engaged in duplicative, vague, and excessive billing practices.

Mr. Mastromarco billed for what appears to be the same phone call multiple times on the same day, constituting what appears to be duplicative billing. On September 24, 2020, for example, Mr. Mastromarco billed 0.6 hours twice for a teleconference with Respondent's counsel. He also billed 0.1 hours three times on October 27, 2020 for "Phone call to Petitioner Spayde's daughter regarding issued then before the court."

Although a significant portion of Mr. Mastromarco's billing was overly detailed and thorough, there were multiple instances where he billed for "permitting."[15] See Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."). The undersigned finds these entries vague.

As to excessive billing, the undersigned finds counsel's number of emails and phone calls to Petitioner, experts, Respondent's counsel, and the Court to be excessive. Of note, the undersigned found over 700 instances of email and over 400 instances of phone call. There were also other instances where Mr. Mastromarco engaged in excessive billing practices. For example, on October 23, 2020, Mr. Mastromarco billed a total 15.7 hours, excluding paralegal time billed that day. This amount alone appears excessive for one day in one case. Of the 15.7 hours, 5.2 hours were spent "[s]cann[ing] and fil[ing] as combine adobe PDFs [exhibits] 1 through 47," a noncompenable task. Further, significant time was spent calling or emailing the undersigned's chambers or Clerk's office to inquire about how to correctly file exhibits and an

---

[13] See, for example, entries dated December 16, 2016 and June 14, 2017.

[14] For additional examples, Mr. Mastromarco billed 0.1 hours for an email on October 21, 2020 and 0.1 hours for a phone call on October 22, 2020; however, the amount billed on October 21 was $45.85 and the amount billed on October 22 was $22.93. Additionally, Mr. Mastromarco billed 0.1 hours three times on October 27, 2020 for "Phone call to Petitioner Spayde's daughter regarding issue[s] then before the court." Two of these entries were billed at $38.21 and one billed for $30.57. In addition to these entries being duplicative, these entries call into question the accuracy of counsel's billing records.

[15] See, for example, entries dated May 3, 2017, February 6, 2019, and September 17, 2021.

exhibit list and thereafter, correcting errors in the filing of said exhibits and exhibit lists.[16]

For the above-mentioned reasons, the undersigned finds a reduction necessary and appropriate here.  See, e.g., Saxton, 3 F.3d at 1521(noting that the court must exclude "hours that are excessive, redundant, or otherwise unnecessary" (quoting Hensley, 461 U.S. at 434)).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen, 102 Fed. Cl. at 729.  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided.  Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017).  Special masters need not explain how many hours are appropriate.  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016).  "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'"  Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

Given the number of issues with counsel's billing entries, the undersigned finds a percentage reduction of 20% appropriate.  This results in a reduction of $62,620.03.[17]

## B.   Petitioner's Costs

Petitioner requests $1,040.25 for the transcript, which the undersigned will award in full. See Pet. Ex. 74.

## C.   Reasonable Attorneys' Costs

### i.   Victor Mastromarco at The Mastromarco Firm, LLC

Mr. Victor Mastromarco requests miscellaneous costs in the amount of $1,428.71 for acquiring medical records, shipping, photocopies, and process server fees.  Pet. Ex. 71.  Reductions must be made for "Courier Service-Federal Express" charges of $40.12 on November 9, 2016 and $47.13 on October 11, 2018 as counsel was unable to provide documentation to support these costs.  This results in a reduction of $87.25.

---

[16] See, for example, entries dated September 28, 2018; October 2, 2018; October 2020 (countless entries throughout the month of October 2020 consisting of emailing and calling and well as correcting, filing, and refiling exhibits prior to the entitlement hearing).

[17] $321,491.08 - $8,390.95 = $313,100.13.  $313,100.13 x 0.2 = $62,620.026.  The undersigned will round up to $62,620.03.

9

     ii.  **Dan Mastromarco at The Mastromarco Firm, PLLP**

  Mr. Mastromarco requests a total of $18,633.54 in costs, representing $4,800.00 for work performed by Dr. Damanhuri Alkaitis, $11,311.35 for work performed by Petitioner's life care planner, Carol Jones, and $2,522.19 in miscellaneous costs. The undersigned finds the costs relating to Dr. Alkaitis and Ms. Jones reasonable and well-documented and will award them in full.

  With regard to his request of $2,522.19 for miscellaneous costs related to shipping, acquiring medical records, copies, and Pacer fees, the undersigned finds these costs are mostly well-supported. However, she finds two reductions necessary.

  First, counsel requests $281.00 for "filing fees" and provides a check made out to the Court of Federal Claims in July 2017. However, the "filing fee" was $400.00 and correctly requested (and paid) in November 2016. There is no other filing fee in this case. Nor is it clear whether this check pertains to this matter.[18] Thus, the undersigned finds a reduction of $281.00 appropriate.

  Second, on September 29, 2022, Petitioner requests an audio file of a status conference. However, this was not approved by the undersigned. Counsel's check was returned, as indicated on the docket by the Clerk's office. As such, a reduction of $32.00 is appropriate.

  Lastly, counsel is warned against excessive shipping costs. Overnighting medical records and/or documents to and from various providers, Petitioner, and counsel is unnecessary and a waste of resources. Furthermore, counsel is warned against paying medical record bills significantly late as to incur late charges.[19] These costs may not be awarded in future matters.

## II. CONCLUSION

  Based on all the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

**Victor Mastromarco at The Mastromarco Firm, LLC**:
| | |
|---|---|
| Requested Attorneys' Fees: | $17,955.10 |
| Reduction of Attorneys' Fees: | - $4,201.60 |
| Awarded Attorneys' Fees: | $13,753.50 |
| | |
| Requested Attorneys' Costs: | $1,428.71 |
| Reduction of Attorneys' Costs: | - $87.25 |
| Awarded Attorneys' Costs: | $1,341.46 |

---

[18] It appears this may be counsel's payment to be admitted to this Court, which is not a cost that is reimbursed.

[19] For example, some documentation shows counsel paid bills one-and-one-half years later, incurring multiple late charges. See ECF No. 75-39.

| | |
|---|---|
| **Total Attorneys' Fees and Costs:** | **$15,094.96** |

**Petitioner**:
    Requested Costs:      $1,040.25
    **Awarded Petitioner's Costs:**      **$1,040.25**

**Dan Mastromarco at The Mastromarco Firm, PLLP**:

    Requested Attorneys' Fees:      $321,491.08
    Reduction of Attorneys' Fees:      - $71,010.98
    Awarded Attorneys' Fees:      $250,480.10

    Requested Attorneys' Costs:      $18,633.54
    Reduction of Attorneys' Costs:      - $313.00
    Awarded Attorneys' Costs:      $18,320.54

    **Total Attorneys' Fees and Costs:**      **$268,800.64**

**Petitioner is awarded attorneys' fees and costs in the total amount of $284,935.85 (representing $15,094.96 for Victor Mastromarco's fees and costs, $1,040.25 for Petitioner's personally incurred costs, and $268,800.64 for Petitioner's counsel's, Dan Mastromarco's, attorney's fees and costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[20]

    **IT IS SO ORDERED.**

                                                       **s/Nora Beth Dorsey**
                                                        Nora Beth Dorsey
                                                        Special Master

---

[20] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.